Dayis, J.,
delivered the opinion of the court:
In 1875 the claimant became an apothecary in the Navy, and was immediately detailed for duty at the marine barracks, in this city, where he has since remained, receiving, until February, 1876, a daily naval ration. During that month the allowance of rations was stopped, and it is for 30 cents a day, commutation of rations, since that date that this action is brought.
Claimant’s right to recover depends upon the construction to be given section 1579 of the Revised Statutes, which provides that “ no person not actually attached to and doing duty on board a sea-going vessel, except the petty officers, seamen, and ordinary seamen attached to receiving-ships, or to the ordinary of a navy-yard, and midshipmen, shall be allowed a ration.” The only question presented, therefore, is whether the claimant was within the meaning of this act “ attached * * * to the ordinary of a navy-yard.”
*54 In Button’s Case, decided at the last term (20 C. Cls. R., 425), we said: “By the term ‘ordinary of a navy-yard’ the court understands the statute to refer to ships laid up in ordinary at a navy-yard,” and we held that petty officers and seamen, though not upon a sea-going vessel, might, nevertheless, be allowed a ration if they were “ actually attached to and doing duty” on shipboard.
The Acting Secretary of the Navy, in his letter to the claimant refusing the request'for rations, adopts a definition of the phrase “ordinary of a navy-yard” somewhat different from that given it by this court, but not more favorable to this casé.
Under the broadest interpretation of the phrase, and the most liberal construction of the statute, this claimant would not be entitled to recover, for he has not even been attached to a navy-yard, much less to the “ordinary” thereof, but has, since his appointment, been continuously on duty at the marine barracks.
The judgment of the court is that the petition be dismissed.